UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. HALLUMS, JR. )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>LOIS RUSSO )<br>)<br>    Respondent. )<br>) | Civil Action No. 05-11171-WGY |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner John R. Hallums, Jr..

1. Admitted. Further answering, the respondent states that the Hampden Superior Court is located at 50 State Street, Springfield, MA 01103.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to a state prison term of a minimum of twenty years and a maximum of thirty years for his home invasion conviction; a concurrent state prison term of a minimum of twenty years and a maximum of thirty years for the burglary conviction; a concurrent state prison term of a minimum of nine years and a maximum of ten years for the assault and battery with a dangerous weapon convictions; along with a concurrent two and one-half year state prison term for the assault and battery conviction.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted. Further answering, the respondent admits that the petitioner did not testify at trial, however, she lacks knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 7 and calls upon the petitioner to prove same.

8. Admitted.

9 (a). Admitted.

9(b). Admitted. Further answering, the respondent states that the judgments were affirmed.

9(c). Admitted. Further answering, the respondent states that the date of the result is April 28, 2006. The citation is *Commonwealth v. Hallums*, 61 Mass. App. Ct. 50, 806 N.E.2d 965 (2006).

9(d). Admitted. Further answering, the respondent states that the petitioner raised the following two claims: (1) the armed burglary indictment fails as a matter of law because there was neither an actual breaking, nor an occupant within the dwelling during the alleged breaking, nor an intent to commit an independent felony; and (2) the home invasion statute does not pertain to a fight that begins on the street and proceeds without cessation across one of the combatant's threshold.

9(e)(1)-(2). Admitted.

9(e)(3). Denied. The respondent states that the Application for Leave to Obtain Further Appellate Review (ALOFAR) was denied on June 30, 2004. The citation is

*Commonwealth v. Hallums*, 442 Mass. 1104, 810 N.E.2d 1229 (2004).

9(e)(4).     Denied.  Further answering, the respondent states that the grounds raised in the petitioner's ALOFAR include the following: (1) the legislative intent for the home invasion statute is either impertinent to or too indefinite for application to a street assault that temporarily crosses a victim's threshold before the victim overpowers his assailants and chases their vehicle to the corner of his street without such an application contravening Fourteenth Amendment due process or otherwise implicating the rule of lenity and (2) that armed burglary indictment fails as a matter of law because there was no occupant within the residence during any break.

9(f).     Left blank by the petitioner.

10.     Admitted.

11(a)(1)-(4).     Admitted.  Further answering, the respondent states that the grounds raised in the motion for a new trial include the following: (1) ineffective assistance of counsel where trial counsel failed to call potential witnesses who would have exonerated him on certain charges; (2) ineffective assistance of counsel where trial counsel failed to request medical records of the accuser; (3) ineffective assistance of counsel where counsel never independently requested to test the weapon for blood and fibers and did not take photographs of the porch area.; (4) the prosecutor made overzealous and misleading statements to the jury; and (5) the medical records of the accuser should have been produced.

11(a)(5)(6).     Denied.  Further answering, the respondent states that on May 17, 2005, Massachusetts Associate Justice Daniel A. Ford denied the petitioner's motion for a new trial.

11(b).     Left blank by the petitioner.

11(c). Denied. Further answering, the respondent states that on June 27, 2006, in *Commonwealth v. Hallums*, 66 Mass. App.Ct. 1110, 848 N.E.2d 447 (2006), an unpublished memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the order denying the motion for a new trial. On September 11, 2006, the Massachusetts Supreme Judicial Court denied the petitioner's ALOFAR.

11(d). Left blank by the petitioner.

12A. (Ground one). To the extent that paragraph 12A of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). To the extent that paragraph 12B of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C. (Ground three). To the extent that paragraph 12C of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further

answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

       12D.    (Ground four). To the extent that paragraph 12D of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12D contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

       13.    Left blank by the petitioner.

       14.    The respondent states that she lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

       15.    Left blank by the petitioner.

       16.    Denied.

       17.    The respondent states that she lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

## VOLUME I

1. Docket Sheets, *Commonwealth v. Hallums*, HDCR2000-01551.

2. Defendant's Brief and Record Appendix, *Commonwealth v. Hallums*, Massachusetts Appeals Court No. 2002-P-1181.

3. Commonwealth's Brief, *Commonwealth v. Hallums*, Massachusetts Appeals Court No. 2002-P-1181.

4. Defendant's Reply Brief, *Commonwealth v. Hallums*, Massachusetts Appeals Court No. 2002-P-1181.

5. *Commonwealth v. Hallums*, 61 Mass.App.Ct. 50, 806 N.E.2d 965 (2004).

6. Docket Sheet, *Commonwealth v. Hallums*, Massachusetts Appeals Court No. 2002-P-1181.

7. Defendant's Application for Leave to Obtain Further Appellate Review,*Commonwealth v. Hallums*, FAR-14127.

8. Docket Sheet, *Commonwealth v. Hallums*, Massachusetts Supreme Judicial Court FAR-14127.

9. *Commonwealth v. Hallums*, 442 Mass. 1104, 810 N.E.2d 1229 (2004), denial of the defendant's application for leave to obtain further appellate review.

## VOLUME II

10. Defendant Motion for a New Trial, *Commonwealth v. Hallums*, HDCR2000-01551.

11. Defendant's Brief and Record Appendix, *Commonwealth v. Hallums*, Massachusetts Appeals Court No.2005-P-0994.

12. Commonwealth's Memorandum of Law In Support of Its Motion for Summary Disposition, *Commonwealth v. Hallums*, Massachusetts Appeals Court No.2005-P-0994.

13. Defendant's Reply Brief, *Commonwealth v. Hallums*, Massachusetts Appeals Court No.2005-P-0994.

14. Docket Sheet, *Commonwealth v. Hallums*, Massachusetts Appeals Court No.2005-P-0994.

15. *Commonwealth v. Hallums*, 66 Mass. App. Ct. 1110, 848 N.E.2d 447 (2006).

16. Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Hallums*, FAR-15631.

17. Docket Sheet, *Commonwealth v. Hallums*, Supreme Judicial Court FAR-15631.

The trial court transcripts are also enclosed.

## **First Defense**

The petition should be denied because it fails to state a claim upon which relief can be granted.

**Second Defense**

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

**Third Defense**

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fourth Defense**

The petitioner's conviction rests on an adequate and independent state law ground.

Respondents respectfully reserve the right to amend or supplement this Answer in the future should that need arise.

                                      Respectfully submitted,

                                      THOMAS F. REILLY
                                      Attorney General

                                      /s/ Eva M. Badway
                                      Eva M. Badway
                                      Assistant Attorney General
                                      Criminal Bureau
                                      One Ashburton Place
                                      Boston, Massachusetts 02108
                                      (617) 727-2200, ext. 2824
Dated: October 30, 2006                    BBO # 635431

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2006.

                                         /s/ Eva M. Badway
                                         Eva M. Badway