UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                            )
JOHN R. HALLUMS, JR.        )
                            )
    Petitioner,             )
                            )
v.                          )    Civil Action No. 05-11171-WGY
                            )
LOIS RUSSO                  )
                            )
    Respondent.             )
_____)

**RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE PETITION FOR A WRIT OF HABEAS CORPUS**

After a jury trial in Hampden Superior Court before Massachusetts Superior Court Associate Justice Daniel A. Ford, the jury convicted John R. Hallums, Jr. (the "petitioner") of home invasion, armed burglary, assault and battery with a dangerous weapon, and assault and battery. After unsuccessfully pursuing a motion for a new trial and appeals in the Massachusetts Appeals Court, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this habeas action, the petitioner contends that his continued incarceration by the respondent, Lois Russo, the Superintendent of the Souza-Baranowski Correctional Center, violates federal law. This memorandum of law is submitted in opposition to the petition for habeas corpus. As detailed herein, the petitioner has failed to demonstrate that he is entitled to the extraordinary remedy of habeas corpus.

**PRIOR PROCEEDINGS**

A.   **Massachusetts State Court Proceedings**.

On October 31, 2000, a Hampden County grand jury returned indictments charging the petitioner with armed invasion pursuant to M.G.L. c. 265, § 18C; armed burglary pursuant to

M. G. L. c. 266, § 14; assault and battery on an elderly person pursuant to M.G.L. c. 265, § 13K; two counts of assault and battery by means of a dangerous weapon pursuant to M. G. L. c. 265, § 15A(b); assault and battery pursuant to M.G.L. c.265, § 13A; and attempted breaking and entering of a motor vehicle pursuant to M.G.L. c. 274, § 6. *See* Respondent's Supplemental Answer ("RSA"), Ex. 1. On March 21, 2001, after a jury trial before Massachusetts Superior Court Associate Justice Daniel A. Ford, the petitioner was convicted of home invasion, armed burglary, assault and battery with a dangerous weapon, and assault and battery. *Id.* The petitioner appealed.

In his direct appeal to the Massachusetts Appeals Court the petitioner claimed that the armed burglary indictment failed as a matter of law because there was neither an actual breaking, nor an occupant within the dwelling during the alleged breaking, nor an intent to commit an independent felony, and the home invasion statute does not pertain to a fight that begins on the street and proceeds without cessation across one combatant's threshold. *See* RSA, Ex. 2. On April 28, 2004, the Massachusetts Appeals Court affirmed the judgments of convictions. *See* RSA, Ex. 5, *Commonwealth v. Hallums*, 61 Mass. App. Ct. 50, 806 N.E. 2d 965 (2004). The petitioner filed an application for leave to obtain further appellate review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") that was denied on June 30, 2004. *See* RSA, Exs. 7-9.

On May 4, 2005, the petitioner filed a *pro se* motion for new trial in Hampden Superior Court claiming the following: (1) he was deprived of effective assistance of counsel where his trial counsel failed to call potential witnesses to testify who could give testimony that would have exonerated him of certain charges; (2) he was deprived of the effective assistance of counsel

where trial counsel failed to request medical records of the accuser; (3) he was deprived the right of effective assistance of counsel where counsel did not independently request to test the weapon for blood or fibers and did not takes photographs of the inside porch area of the crime area; (4) the prosecutor made overzealous and misleading statements to the jury; and (5) the medical records of the accuser should have been provided. *See* RSA, Ex. 10. On May 17, 2005, Judge Ford denied the petitioner's motion for new trial and the petitioner appealed. *See* RSA, Ex. 1. On June 7, 2006 in a memorandum and order pursuant to Rule 1:28, the Appeals Court affirmed the order denying the motion for a new trial. *See* RSA, Ex. 15, *Commonwealth v. Hallums*, 66 Mass. App. Ct. 1110, 848 N.E. 2d 447 (2006). The petitioner filed an ALOFAR in the SJC that was denied on September 11, 2006. *See* RSA, Exs. 16-17.

      B.      **The Proceedings Relative to the Petition for a Writ of Habeas Corpus Pursuant to § 2254.**

On June 6, 2005, the petitioner filed the instant petition for a writ of habeas corpus, along with a motion for a stay. *See* Docket at 1-2. In his petition the petitioner claimed the following: (1) the Commonwealth did not meet the elements of home invasion; (2) the Commonwealth did not meet the element of armed assault;[1] (3) ineffective assistance of counsel claims (grounds 12C and 12 D); and (4) improper statements by the prosecutor. On June 13, 2005, this Court ordered the petition for writ of habeas corpus served and allowed the motion to stay. *See* Docket. On September 27, 2006, the petitioner filed a motion to re-open the case that this Court allowed on September 29, 2006. *See* Docket at 4. On October 30, 2006, the respondent filed an answer

---

[1] This claim is not exhausted, *see Rose v. Lundy*, 455 U. S. 509, 518-519 (1982), however the petitioner abandons this claim in his memorandum in support of his petition for a writ of habeas corpus. Accordingly, the respondent is treating this claim as deleted.

and supplemental answer. *See* Docket at 9. On December 21, 2006, the petitioner filed a memorandum of law in support of his petition for a writ of habeas corpus. *See* Docket at 13. The respondent now files this memorandum of law in opposition to the petition for habeas corpus.

## **STATEMENT OF THE FACTS**

"A 'determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'" *Norton v. Spencer*, 351 F.3d 1, 6 (1st Cir. 2003), *cert denied*, 542 U.S. 933 (2004)(quoting 28 U.S.C. § 2254 (e)(1)). "'The presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact.'" *Id*., (quoting *Sumner v. Mata*, 455 U.S. 591, 593 (1982)). The Massachusetts Appeals Court set forth the following facts:

> On September 19, 2000, the victim, a Springfield police officer, lived on the first floor of a two-family home. At approximately 11:15 P.M., the victim, then off-duty, looked outside and saw three men standing around his car, which was parked in front of his house. One of the men looked as though he was about to smash a brick through the front window of the vehicle.
>
> The victim opened his porch door, stepped out of his home to the street, identified himself as a police officer, and asked the men what they were doing. He did not receive an adequate answer, and the three men began to surround him. One man held a beer bottle, and the [petitioner] held a brick. The victim began to back up toward his house, as he tried to dial 911 on the cordless telephone he was holding. The [petitioner] knocked the telephone out of his hand and punched him in the face. The other two men joined in the attack.
>
> The victim retreated to his porch door, reached back, and opened that door as the men continued to hit him. The victim entered the porch followed by his assailants. The assault continued on the porch, and the victim was hit by a brick, a bottle, and fists. The three men pushed the victim back against the door that led to the interior of his home. That door was closed, but not locked. His assailants pushed the victim through that door

>into a hallway.  The [petitioner] also came inside the door, accompanied by one of the other men.  As the victim was being forced through the door and inside the hallway of his home, he was struck by punches, a brick, and a bottle.  The victim managed to push the men out of the door, lock it, and then call the police.  The [petitioner] was arrested later that day.

*See* RSA, Ex. 5, *Commonwealth v. Hallums*, 61 Mass. App. Ct. at 50-51, 806 N.E.2d at 967.

**I.  The Petitioner Is Not Entitled To Habeas Corpus Relief Where His Ineffective Assistance of Counsel Claims and His Closing Statement Claims Are Procedurally Defaulted And He Has Failed To Establish Cause And Prejudice Or That A Miscarriage Of Justice Will Result If The Claims Are Not Reviewed.**

"The habeas corpus anodyne is designed neither to provide an additional layer of conventional appellate review nor to correct garden-variety errors, whether of fact or law, that may stain the record of a state criminal trial.  Rather, the remedy is limited to the consideration of federal constitutional claims."  *Burks v. DuBois*, 55 F.3d 712, 715 (1st Cir. 1995).  *See Herrera v. Collins*, 506 U. S. 390, 400 (1993) (affirming that the purpose of federal habeas corpus review is to ensure that individuals are not imprisoned in violation of the Constitution).  *See also Barefoot v. Estelle*, 463 U. S. 880, 887 (1983) ("Federal courts are not forums in which to relitigate state trials").  Thus, federal habeas review is precluded, as a general proposition, when a state court has reached its decision on the basis of an adequate and independent state-law ground.  *See Coleman v. Thompson*, 501 U. S. 722 (1991).  In *Coleman*, the Supreme Court held that where

>a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id*. at 750.  *See Lynch v. Ficco*, 438 F. 3d 35, 45 (1st Cir. 2006); *Horton v. Allen,* 370 F. 3d 75,

80 (1st Cir. 2004). A petitioner's procedural default constitutes an adequate and independent state ground so long as the state consistently applies the rule and has not waived it. *Horton v. Allen,* 370 F.3d at 80-81; *Gunter v. Maloney,* 291 F.3d 74,79 (1st Cir. 2002); *Burks v. DuBois*, 55 F.3d at 716; *Puleio v. Vose*, 830 F.2d 1197, 1199 (1st Cir. 1987), *cert. denied*, 485 U. S. 990 (1988). The jurisdictional nature of the independent and adequate state ground inquiry requires that it be addressed by this Court at the outset. *Lambrix v. Singletary*, 520 U. S. 518, 523-24 (1997).

    **A.    The Petitioner's Ineffective Assistance of Counsel Claims Are Procedurally Defaulted**.

The petitioner claims that trial counsel was ineffective for (1) failing to call certain witnesses at trial; (2) failing to subpoena the medical records of the accused; and (3) failing to investigate the weapon for blood, skin tissues or hair fibers. *See* Petition at p. 1 and pp.7-20. All of the petitioner's claims of ineffective assistance of counsel are procedurally defaulted. In his direct appeal to the Appeals Court the petitioner did not raise any ineffective assistance of counsel claims. *See* RSA, Ex. 5, *Commonwealth v. Hallums*, 61 Mass. App. Ct. 50, 806 N.E.2d 965 (2004). Accordingly, in his second appeal relative to the denial of the petitioner's motion for a new trial, the Massachusetts Appeals Court determined that the petitioner waived his ineffective assistance of counsel claims and reviewed the claims to determine whether there was error and, if so, whether the error created a substantial risk of a miscarriage of justice. *See* RSA, Ex. 15, *Commonwealth v. Hallums*, 66 Mass. App. Ct. 1110, 848 N.E. 2d 447 (2006). Massachusetts has a "long-standing rule that issues not raised at trial or pursued in available appellate proceedings are treated as waived." *Commonwealth v. Curtis*, 417 Mass. 619, 626,

632 N.E.2d 821, 827 (1994). This rule applies where, as here, petitioner was represented by new counsel on appeal and could have, but did not, raise the issue of trial counsel's alleged ineffectiveness as an issue on direct appeal. *See Commonwealth v. Egardo*, 426 Mass. 48, 49-50, 686 N.E.2d 432, 433 (1997); *Commonwealth v. Adamides*, 37 Mass. App. Ct. 339, 344, 639 N.E.2d 1092, 1095 (1994). Thus, the Appeals Court's resolution of petitioner's ineffective assistance of trial counsel claims fairly appear to "'rest[] on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1990)). Under these circumstances, fundamental "'considerations of comity and federalism'" preclude habeas review, unless petitioner demonstrates (1) cause and actual prejudice sufficient to excuse his procedural default, or (2) that failure to consider his claim on the merits will result in a fundamental miscarriage of justice. *Gunter v. Maloney*, 291 F.3d at 78 (citing *Coleman*, 501 U.S. at 750); *see also Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir. 1995) (where state court invokes procedural waiver rule, habeas review is precluded unless petitioner "can demonstrate cause for default and prejudice stemming therefrom, or, alternatively, unless [petitioner] can show that a refusal to consider the merits of the constitutional claim will work a miscarriage of justice")

Cause in this context requires petitioner to demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Where, for instance, the "factual or legal basis of a claim was not reasonably available to counsel" or "governmental interference rendered procedural compliance impracticable," a petitioner will demonstrate cause sufficient to excuse his or her default. *Id.* No such showing has been or could be made here. As the Appeals Court

explained, the petitioner did not provide affidavits from the prospective witnesses, and as thus, whether the prospective witnesses' testimony materially would have affected the outcome of the trial could not be determined. *See* RSA, Ex. 15, *Commonwealth v. Hallums*, 66 Mass. App. Ct. 1110, 848 N.E. 2d 447 (2006). Additionally, as the Appeals Court articulated, the petitioner failed to provide any factual basis to establish that the medical records of the victim would undermine his credibility. *Id.* Furthermore, the record indicates that it was the trial counsel's strategy to argue that the Commonwealth could not link the petitioner to the weapon because the police failed to conduct tests on the weapon and failed to connect the petitioner through fingerprint evidence to the weapon. *Id.* Confronted with what was clearly a plausible trial strategy, appellate counsel reasonably determined that the issue of trial counsel's alleged ineffectiveness presented no likelihood of success on appeal. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" because such decisions are presumptively within the "wide range of professionally competent assistance"). A deliberate decision of this sort made as part of a reasonable defense strategy plainly is not a factor "external to the defense" and, accordingly, fails to demonstrate cause sufficient to excuse petitioner's procedural default. *See Murray*, 477 U.S. at 488.

Moreover, even assuming that petitioner could demonstrate sufficient cause to excuse his failure to raise the issue of trial counsel's allegedly ineffective assistance on direct appeal, petitioner still cannot demonstrate that any actual prejudice would result from the failure to consider that claim on its merits. *See Gardner v. Ponte*, 817 F.2d 183, 187 (1st Cir.) (to avoid procedural bar, petitioner must demonstrate both cause for his default and actual prejudice

8

resulting therefrom), *cert. denied*, 484 U.S. 863 (1987).   On this record, the petitioner cannot demonstrate that he would be prejudiced by the procedural default.

  **B. The Petitioner's Claims Relative to the Prosecutor's Closing Statements Are Procedurally Defaulted.**

  The petitioner alleges that the prosecutor's closing statements relevant to the weapon were overzealous and prejudicially misleading and that his closing remarks referring to the petitioner's race deprived him of a fair trial. *See* Petitioner's Memorandum of Law at p. 1 and pp. 21-26. The petitioner's claim relative to the prosecutor's closing statement were raised for the first time in his motion for a new trial, without objection during the trial. *See* RSA, Ex. 10. Thus, the Appeals Court reviewed it only to determine whether the prosecutor's remarks during his closing argument "created a substantial likelihood of a miscarriage of justice." *See* RSA, Ex. 15, *Commonwealth v. Hallums*, 66 Mass. App. Ct. 1110, 848 N.E. 2d 447 (2006). As set forth above, Massachusetts has "a long standing rule that issues not raised at trial...are treated as waived..." *Commonwealth v. Curtis*, 417 Mass. 691, 626, 632 N.E.2d 821, 827 (1994). The rationale behind the waiver doctrine is that a defendant who fails to bring his claim to the attention of the reviewing court at the earliest possible time, waives his right to the court's resolution of that claim. *See Lykus v. Commonwealth*, 432 Mass. 160, 163, 732 N.E.2d 897, 900 (2000), *quoting Commonwealth v. Pisa*, 384 Mass. 362, 365-366, 425 N.E.2d 290, 293 (1981). Thus, in Massachusetts, appellate review of waived claims is limited to the discretionary standard of whether the claimed transgression created a substantial risk of a miscarriage of justice. *See Horton v. Allen,* 370 F.3d at 80; *Burks v. Dubois*, 55 F.3d at 716; *Puleio v. Vose*, 830 F. 2d at 1199. Here, the Appeals Court reviewed these procedurally barred claims relative to the

prosecutor's closing under that standard. *See* RSA, Ex. 15, *Commonwealth v. Hallums*, 66 Mass. App. Ct. 1110, 848 N.E. 2d 447 (2006). The Appeals Court determined that prosecutor's argument contained fair responses to defense counsel's closing argument and was otherwise based on the evidence and the fair inferences permitted by the evidence. *Id*. The Appeals Court concluded there was no error. *Id.* This limited review undertaken pursuant to the Massachusetts "miscarriage of justice" standard does not operate as a waiver of the underlying procedural default. *Burks*, 55 F.3d at 716 n. 2.

To the contrary, such review constitutes the "classic example of an independent and adequate state ground" supporting the application of the procedural default rule. *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st. Cir. 1999). Since the Appeals Court resolved petitioner's closing argument claims on state law grounds, this habeas court may consider the claim only if the petitioner establishes "cause and prejudice" with respect to the procedural default or demonstrates to this Court his actual innocence. *See Dretke v. Haley*, 541 U.S. 386, 388 (2004). The petitioner has made no attempt to show "cause," "prejudice," or a miscarriage of justice to excuse the default, nor could he. Here, the fact that petitioner does not even attempt to demonstrate cause for his procedural default effectively ends the inquiry for this Court.

Absent cause and prejudice sufficient to excuse his procedural default, the only other avenue available to the petitioner – that a refusal to hear his defaulted claim relative to the prosecutor's closing statement – would result in a "fundamental miscarriage of justice" – is foreclosed. *Simpson v. Matesanz*, 175 F.3d at 210. This exception to the procedural default rule is "'seldom to be used, and explicitly tied to a showing of actual innocence.'" *Killela v. Hall*, 84

F. Supp. 2d 204, 210 (D. Mass. 2000) (*quoting Burks*, 55 F.3d at 717). No such showing has been or could be made here; thus petitioner's default cannot be excused.

II. **The Habeas Petition Should Be Denied Where the Petitioner's Sufficiency Claims Were Properly Adjudicated by the Massachusetts Appeals Court Which Did Not Render A Decision That Was Contrary To, Or An Unreasonable Application of, Clearly Established Federal Law.**

    A.    **The Standard of Review.**

"Under the AEDPA, a state prisoner can prevail only if the state court's decision `was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States.'" *Tyler v. Cain*, 533 U.S. 656, 660 (2001) (*quoting* 28 U.S.C. § 2254(d)(1)). A state-court decision is "contrary to" clearly established Supreme Court precedent in only two circumstances: (a) where "the state court applies a rule that contradicts the governing law set forth in" Supreme Court cases or (b) where "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

A state-court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407-09, 413. Merely that the state court reached an incorrect result is not sufficient – the result also must be unreasonable. *L'Abbe v. DiPaolo*, 311 F.3d 93, 96 (1st Cir. 2002) (*citing Taylor*, 529 U.S. at 411); *see also McCambridge v. Hall*, 303 F.3d 24, 36-37 (1st Cir. 2002) (en banc) ("'some increment of incorrectness beyond error is required'. . . . The increment need not

necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court," *quoting Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Where, for instance, the state court reaches a result that is "devoid of record support for its conclusion or is arbitrary," the unreasonable application prong likely will be satisfied. *McCambridge*, 303 F.3d at 37 (*citing O'Brien v. Dubois*, 145 F.3d 16, 25 (1st Cir. 1998)).

In some habeas cases, resolution of petitioner's claims will turn entirely on the state court's determination of the underlying factual issues. *DiBenedetto v. Hall*, 272 F.3d 1, 7 n.1 (1st Cir. 2001), *cert. denied*, 535 U.S. 1024 (2002). This is because, under the AEDPA, state court factual determinations are "presumed to be correct," unless the petitioner rebuts this "presumption of correctness" by coming forward with "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1); *Coombs v. Maine*, 202 F.3d 14, 18 (1st Cir. 2000). The presumption of correctness applies to all "basic, primary, or historical facts" underlying the state court's conclusion, *Sanna v. DiPaolo*, 265 F.3d 1, 7 (1st Cir. 2001); *see also Thompson v. Keohane*, 516 U.S. 99, 111-13 (1995) (for purpose of *Miranda*, scene-setting factual findings involving the trial court's assessment of credibility, are presumed to be correct), and extends to factual determinations made by both state trial and appellate courts. *Rashad v. Walsh*, 300 F.3d 27, 34 (1st Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003).

**B.    The Sufficiency Claims**.

The petitioner asserts that there was insufficient evidence to support the armed burglary and home invasion convictions. *See* Petitioner's Memorandum of Law at pp. 27-33. It is well-settled that *Jackson v. Virginia*, 443 U.S. 307 (1979) sets forth the "governing Supreme Court

precedent for sufficiency of the evidence claims." *Hurtado v. Tucker*, 245 F.3d at 13. Under *Jackson*, the constitutional standard for reviewing claims of insufficient evidence is whether, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements [of the determination to be made]." *Jackson v. Virginia*, 443 U.S. at 319. More recently, in *Hurtado*, the First Circuit addressed a claim of insufficient evidence in the habeas context and held that while the "focus" of inquiry under the "objective unreasonableness" prong of the AEDPA is on the state court decision, the "federal habeas court must itself look to 'the totality of the evidence' in evaluating the state court's decision." *Hurtado v. Tucker*, 245 F.3d at 18. Among other things, the federal court should consider whether the state court failed to "consider at all a key argument of the defendant" or failed to "give appropriate weight to all of the evidence." *Id.* The mere fact that respondent may be unable to point to "cases of conviction precisely parallel on their facts" to petitioner's case is not alone sufficient to render the state court's sufficiency determination objectively unreasonable. *Id.* Nor is it sufficient that the state court's decision is supported merely by a "paucity of reasoning." *Id.* at 20. This is because the "ultimate question on habeas . . . is not how well reasoned the state court decision is, but whether the outcome is reasonable." *Id.*

The Massachusetts Appeals Court determined the following as to the home invasion conviction:

> On appeal, the [petitioner] claims that the second and fourth elements of the home invasion statute were not satisfied by the evidence. According to the [petitioner]'s brief, "the home invasion statute does not pertain to a fight that begins on the street and proceeds without cessation across one combatant's threshold." Thus, the [petitioner] claims that, because the victim left his home to engage in a fight and then retreated back into his home, followed by the others engaged in the fight, the victim does not qualify, pursuant to G.L. c. 265, § 18C, as a person within his dwelling. We disagree with the [petitioner]'s

> interpretation of the evidence as to what occurred outside the victim's home.
>
> The evidence in the light most favorable to the Commonwealth demonstrates that the victim was not a "combatant" engaged in a "fight," but rather a homeowner subject to an attack by three men armed with dangerous weapons when he interrupted their possible vandalism of his car. Here, the victim fled into his home to escape his assailants, only to be followed inside where the assault was continued.
>
> We hold that, in the circumstances present in this matter, all of the elements of the home invasion statute were satisfied by the Commonwealth's evidence.

*See* RSA, Ex. 5, *Commonwealth v. Hallums*, 61 Mass. App. Ct. at 51-52, 806 N.E.2d at 967. As to the armed burglary conviction, the Appeals Court explained:

> Armed burglary. Pursuant to G.L. c. 266, § 14, "Whoever breaks and enters a dwelling house in the night time, with intent to commit a felony, or whoever, after having entered with such intent, breaks such dwelling house in the night time, any person being then lawfully therein, and the offender being armed with a dangerous weapon at the time of such breaking or entering" commits the offense of armed burglary.
>
> It was the Commonwealth's theory at trial that the illegal entry occurred when the [petitioner] went onto the porch of the victim's home. The "breaking" requirement occurred, according to the Commonwealth, when the [petitioner] pushed the victim from the porch through the door and into the hallway of the home.
>
> On appeal, the [petitioner] claims that the evidence was insufficient to establish that (1) he "broke" into the victim's home; 2) that a person was lawfully inside the home at the time of the break; and (3) that the intended felony was separate and distinct from the assault and battery with a dangerous weapon.
>
> [3] a. Breaking. The element of "breaking" has been defined as exerting some physical force, thereby forcibly removing an obstruction, and gaining entry. *Commonwealth v. Hall*, 48 Mass.App.Ct. 727, 730, 725 N.E.2d 247 (2000). Here, the door into the hallway was closed when the [petitioner] and the other assailants pushed the victim through the door into the hallway. There was sufficient evidence to establish a breaking into the victim's home.
>
> [4] b. Person lawfully within the home. The [petitioner] argues that the statutory language that "any person being then lawfully therein" (emphasis added) requires that a person be in the home at the time of the breaking and entering. Therefore, according to the [petitioner], the victim in this matter cannot be both the means to gain entry and also be inside the home at the same time.

14

> In the unusual circumstances of this case, the evidence showed that the victim was pushed through the door and, while he was in the hallway, the [petitioner] and the others then entered the home. Thus, there was sufficient evidence to establish that the victim was within his home at the time the [petitioner] entered.
>
> [5] c. *Independent armed burglary.* The [petitioner] claims that, because the crime of assault and battery by means of a dangerous weapon took place as a single continuous assault from the street, onto the porch, and then into the victim's dwelling, the armed assault cannot be the intended felony required by the statute. The [petitioner] cites two decisions that interpret the felonious intent provision of armed assault in a dwelling pursuant to G.L. c. 265, § 18A. They are *Commonwealth v. Donoghue*, 23 Mass.App.Ct. 103, 111-112, 499 N.E.2d 832 (1986), and *Commonwealth v. Smith*, 42 Mass.App.Ct. 906, 907, 674 N.E.2d 1096 (1997), which hold that the crime of armed assault in a dwelling requires that the assault be accompanied by an intent to commit a felony factually distinct from the assault.
>
> The [petitioner]'s argument fails because the [petitioner] in this matter had been indicted and convicted of armed burglary and not armed assault in a dwelling. The statute at issue here (G.L. c. 266, § 14) requires that the intent to commit a felony exist at the time of the entry into the home. Here, the evidence established that, after the victim was pushed into the hallway, the [petitioner] entered the dwelling and hit the victim with a brick, a bottle, and fists. Thus, the [petitioner]'s intent at the time he entered the hallway was to commit an assault and battery by means of a dangerous weapon on the victim. In these circumstances, that is all that is needed as to intent.
>
> Therefore, we hold that the evidence was sufficient to establish each element of armed burglary.

*See* RSA, Ex. 5, *Commonwealth v. Hallums*, 61 Mass. App. Ct. at 52-53, 806 N.E.2d at 967-968. As applied here, the Appeals Court reasonably determined, after reviewing the evidence as a whole and petitioner's countervailing arguments, that both the home invasion and armed burglary convictions were supported by sufficient evidence. *See Hurtado v. Tucker*, 245 F.3d at 18. In short, while the evidence supporting petitioner's convictions for both home invasion and armed burglary may have been viewed in a different manner, it was not objectively unreasonable for the Appeals Court to conclude that the evidence was nonetheless sufficient to support the jury's verdict. Habeas relief is not warranted simply because the evidence may support "'other

hypotheses more congenial to a finding of innocence.'" *Hurtado v. Tucker*, 245 F.3d at 19, quoting *United States v. Olbres,* 61 F.3d 967, 970 (1st Cir. 1995). *See Stewart* v. *Coalter*, 48 F.3d 610, 616 (1st Cir. 1994), *cert. denied*, 516 U.S. 853 (1995). As the First Circuit has stated, federal courts should be "particularly cautious about issuing habeas[] on grounds of the objective unreasonableness of a state court's conclusion that the evidence is sufficient" where, as here, there has been a "verdict of guilt by a jury of a defendant's peers" and that verdict has been "affirmed on appeal in the state system." *Hurtado v. Tucker*, 245 F.3d at 20.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be denied.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: January 4, 2007                                              BBO # 635431

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2007.

/s/ Eva M. Badway
Eva M. Badway